ESTATE OF BENJAMIN F. SELTZER, DECEASED, VERNA M. SELTZER, EXECUTRIX, AND VERNA M. SELTZER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Seltzer v. Commissioner
Docket No. 4210-82.
United States Tax Court
T.C. Memo 1987-568; 1987 Tax Ct. Memo LEXIS 568; 54 T.C.M. (CCH) 1082; T.C.M. (RIA) 87568; November 16, 1987. Joseph P. Semasek, for the petitioners. Russell K. Stewart, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined a deficiency in the Federal income tax of Benjamin F. Seltzer and Verna M. Seltzer, husband and wife (hereinafter individually referred to as "Benjamin" and "Vernon," respectively, and collectively referred to as "petitioners" for 1977 in the amount of $ 192,255.03 [1] and an addition to tax under section 6653(a) [2] in the amount of $ 9,612.75. Benjamin died on November 15, 1983; Verna was appointed executrix of his estate on March 8, 1984. The issue for decision concerns the taxation of a condemnation award paid to Benjamin by the Commonwealth of Pennsylvania in 1977. *569 FINDINGS OF FACT The facts in this case have been fully stipulated pursuant to Rule 122. With one exception, discussed infra in note 4, the stipulation of facts and accompanying exhibits are incorporated herein by this reference. Benjamin and Verna resided in Frackville, Pennsylvania at the time the petition in this case was filed. Benjamin and his brother, Atkin (hereinafter collectively referred to as the "Seltzer brothers"), conducted in partnership form a coal processing and sales business which operated under the name Seltzer Coal Company (hereinafter referred to as "the partnership"). On December 1, 1965, the Commonwealth of Pennsylvania, in connection with a high construction project, condemned 27.52 acres of a 31.86 acre tract of land which the partnership used in its business. In addition to the land, the Commonwealth condemned a culm bank, [3] a coal breaker, auxiliary buildings, machinery, equipment, fixtures, and other chattels that the partnership had used in its business. *570 In May, 1966, the Seltzer brothers were awarded and received $ 107,886.80 from the Commonwealth as a result of the condemnation. Dissatisfied with the amount of the award, they commenced a protracted appeals process which ultimately resulted in a jury verdict (rendered on April 11, 1977) of $ 834,546.96, [4] plus $ 500 in statutory attorney's fees and interest from the date of relinquishment of the property to the date of payment. Subsequently, the Commonwealth deposited a check with the Court in the amount of $ 1,208,372.15 to cover the judgment. However, because of a dispute as to the amount of attorneys fees payable by the Seltzer brothers, each brother received $ 400,000 in 1977, and the balance was held in escrow. The entire 31.86 acre tract had a cost basis of $ 53,170; the condemned depreciable property had an adjusted basis of *571 zero. Petitioners timely filed a joint return for the taxable year 1977, but they did not report any portion of the condemnation award on such return. [5]
Respondent determined that the entire $ 400,000 received by Benjamin in 1977 was taxable and was comprised of $ 240,847 in interest [6] and $ 159,153 of capital gain. Respondent also determined that the underpayment of tax was due to petitioners' negligence or intentional disregard of rules and regulations; therefore, he determined an addition to tax pursuant to section 6653(a). Almost two months after the case was submitted, and only three days prior to the due date for the filing of briefs, respondent filed a motion for leave to file an *572 amendment to his answer. The purpose of the motion was to allege facts to support a claim for an increased deficiency in the amount of $ 38,114, plus an increased deficiency in the amount of $ 38,114, plus an increased addition to tax under section 6653(a) in the amount of $ 1,905.70. [7] The motion, being untimely, was denied. See Rule 54. OPINION Income includes all gains, except those exempted by statute. Section 61(a); . Petitioners bear the burden of proving that the condemnation award involved herein does not constitute income. *573 ; Rule 142(a). They have failed to meet this burden, as it is well-settled that gains from condemnation awards are taxable. . Likewise, it is well-settled that interest received on a condemnation award is not part of the price paid for the property at the time it was taken, but is compensation for the delay in payment and is taxable as ordinary income. ; ; ; . Hence, we sustain respondent's determination as to the deficiency in tax. [8]
In addition to the tax deficiency, respondent determined that petitioners were liable for the addition to tax under section 6653(a), which provides that if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Respondent's *574 determination is prima facie correct and the burden is upon petitioners to prove the addition erroneous. ; . Petitioners presented no evidence to prove that the underpayment was due to any cause other than negligence or intentional disregard of rules and regulations. We, therefore, sustain respondent's determination with respect to the addition to tax pursuant to section 6653(a). To reflect the foregoing, and the concession made by respondent, Decision will be entered under Rule 155.
Footnotes
1. Respondent concedes that, due to a computational error, the notice of deficiency overstated petitioner's taxable income for 1977 in the amount of $ 2,093. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. The culm bank contained approximately 414,000 gross tons of culm and silt (coal residue) which, after processing, would result in 34.54 percent recoverable, marketable coal products. The culm and silt were expensed as acquired, rather than inventoried. According to petitioners, the value of the culm and silt comprised two-thirds of the value of the property condemned. ↩
4. The parties stipulated that the amount of the award was $ 847,564.98, whereas the Praecipe for Judgment states the amount to be $ 834,564.96. In addition, respondent admitted in his Answer to the Petition that the amount of the award was $ 834,564.96. We deem the amount of the award to be $ 834,564.96, rather than the stipulated amount. ↩
5. Petitioners contend that the condemnation award is not taxable because they were forced out of businesss involuntarily by the Commonwealth, and received as compensation only a fraction of the value of the business. As a result, petitioners feel that they have suffered an economic loss. ↩
6. Respondent determined that the entire interest award was received proportionately by the Seltzer brothers in the initial $ 400,000 distribution and that the balance represented capital gain. ↩
7. In his notice of deficiency, respondent classified the entire gain resulting from the award as capital gain. In the Stipulation of Facts the parties stipulated that a portion of the award involved the involuntary sale of inventory, which would not be entitled to capital gain treatment. We agree that to the extent the award represents compensation for the taking of inventory, it should have been classified as ordinary income, rather than as capital gain. However, in this case, respondent is bound by the classification as set forth in his notice of deficiency. ↩
8. See n. 1 and n. 6. ↩